UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-21194-CIV-HOEVELER

FERNANDO ALVAREZ,

       Plaintiff,

v.

JOSELINE NUNEZ,
GUILLERMO MORRINGLANE,
DRA. MARIA ISABEL PALACIN ROSARIO,

       Defendants.

_____/

## ORDER DENYING DEFENDANTS' MOTION TO SET ASIDE FINAL DEFAULT JUDGMENT AND DENYING DEFENDANTS' MOTION TO SUBSTITUTE PARTY

This Cause comes before the Court upon a review of the file.  On March 30, 2012, this Court entered an Order setting a hearing on Defendants' motion to set aside the final default judgment entered against them on January 31, 2011.  The default judgment was entered after Defendants failed to respond to Plaintiff's allegations that Defendants fraudulently induced Plaintiff to participate in a real estate development deal in the Dominican Republic.

Several days after the Court issued its Order scheduling a hearing on Defendants' motion to set aside the judgment, a "Suggestion of Death" was filed on April 3, 2012, by Plaintiff's former attorney, indicating that Plaintiff died on March 22, 2012; a certificate of death was filed on May 2, 2012, confirming this information.  Both the Suggestion of Death, and the certificate of death, were filed by Claudio Rivera, Plaintiff's counsel in this matter, indicating that the actions

were taken by counsel "on behalf of Marta Alvarez" (whom appears to be Plaintiff's spouse[1]).

On October 15, 2012, Defendants filed a "Motion for Substitution of Plaintiff and Motion to Reset Hearing," arguing that "the purported heirs apparent of the Plaintiff are seeking to circumvent this Court's [Order setting a hearing on Defendants' motion to set aside final default judgment] in order to expeditiously enforce the January 26, 2011 Default Judgment within the Dominican Republic." (Defendants did not submit any additional evidence supporting their claim, which was made previously, that they are entitled to have the final default judgment vacated.)

The Court has determined that a ruling on the Defendants' motion challenging the default judgment (which Plaintiff had obtained more than one year prior to his death) is appropriate at this time. The Court previously had scheduled argument on the Defendants' request to vacate the judgment in light of Defendants' allegations of fraud, but a review of the record - including the submissions of Defendants subsequent to the Court's Order last March scheduling the hearing - reveals that Defendants have not established a basis for vacating the default judgment. Before addressing that issue, however, as an initial matter the Court addresses the Defendants' request that the Court require the Plaintiff's heirs to appear as substitutes for Plaintiff.

----

[1]According to the death certificate, the surviving spouse's name is "Marta T. Pastrana" (see paragraph 13 of certificate) and also "Marta T. Alvarez" (see paragraph 22.a. of certificate.

<u>Requested substitution of Plaintiff</u>

According to Fed. R. Civ. P. 25(a), "[a] motion for substitution may be made by any party or by the decedent's successor or representative." Fed. R. Civ. P. 25(a)(1). Rule 25 provides that if a party dies and the claim is not extinguished, a court may order substitution of a party. However, "[i]f the motion [for substitution] is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1). Defendants' motion for substitution was filed more than 90 days after the Suggestion of Death was filed in this case.

Although the Suggestion of Death was filed "on behalf of Marta Alvarez" it is not evident from the record that Mrs. Alvarez is the personal representative or the executor of her husband's estate, i.e., there is no evidence that she is the "representative" of the deceased Plaintiff. Nor is there any evidence before this Court that attorney Rivera had the authority to file a Suggestion of Death on behalf of a "successor or representative" of Plaintiff.[2] At least one court has observed that

---

[2]It is clear that the Suggestion of Death (filed on behalf of Mrs. Alvarez) was served on counsel for Defendants, thus satisfying the service requirements of Fed. R. Civ. P. 25(a) - at least as to Defendants, and it also is clear that more than 90 days have passed since the service of the Suggestion of Death, without filing of a motion for substitution. If Mrs. Alvarez were the "successor or representative" of her deceased husband's interests, then the provisions of Rule 25 would apply, and the Court could simply dismiss any claim of Plaintiff that remained pending in this already-closed case, for failure to timely file a motion to substitute. The odd posture of this case, with a pending motion (i.e., pending at the time of Plaintiff's death) to set aside a default judgment previously entered in favor of Plaintiff, suggests that Plaintiff may - at least in some sense - have a "claim" that was not extinguished by

3

"[t]he deceased party's attorney is not the type of 'representative' contemplated by Rule 25(a)." <u>Schmidt v. Merrill Lynch Trust Co.</u>, 2008 U.S. Dist. LEXIS 114674 (M.D. Fla. June 2, 2008), <u>report adopted at</u> 2008 U.S. Dist. LEXIS 50435 (M.D. Fla. June 23, 2008).  In light of this record, the Court will not start counting the "90 days" as of the date of filing the Suggestion of Death and, therefore, deems Defendants' motion for substitution to be timely.  However, the Court is unable to grant the requested relief, as discussed below.

Defendants have moved for substitution, apparently in an attempt to force Plaintiff's heirs or successors to come forward and enter an appearance in this matter.  However, Defendants have failed to identify the heirs to this Court.  Defendants claim that the purported heirs are listed on a document attached to Defendants' most recent filing before this Court, but the document is in Spanish, without an English translation, and therefore shall be STRICKEN.  This Court previously directed the parties that "all filings in this Court must be submitted in English or with English translations."  Defendants also have violated Section 3H.8. of this Court's Case Management/Electronic Case Filing Administrative Procedures, which provides that documents not written in English must be accompanied by a translation.

As the record is not clear that Mrs. Alvarez is the successor or representative of Plaintiff, and Defendants have failed to identify any successors of Plaintiff, the

_____

his death, as Plaintiff's heirs/estate may wish to defend against the attempt to set aside the default judgment.

Court does not find a basis for application of Rule 25 at this time.  Thus, Defendants' motion to substitute party is DENIED, without prejudice.  The Court is, however, sending a copy of this Order to the mailing address - from the death certificate - of Mrs. Alvarez, the widow.

The Court will now proceed to rule on the Defendants' pending - and fully briefed - motion to set aside the final default judgment.

Request to set aside final default judgment

Prior to entry of the Final Default Judgment, this Court held a hearing on January 26, 2011, after providing notice to all parties.  Defendants failed to appear for the Court's hearing.  Subsequent to the hearing, and based upon a review of the Plaintiff's motion for default judgment and supporting documentation, the Court entered judgment in favor of Plaintiff and against Defendants, in the amount of $4,500,000.00 in damages and $37,100.50 in attorney's fees and costs.

The Court may set aside a final judgment under certain conditions, see Federal Rule of Civil Procedure 60(b), but this discretionary authority "does not mean that final judgments should be lightly reopened."  Griffin v. Swim-Tech Corp., 722 F. 2d 677 (11th Cir. 1984).  Defendants argue that they are entitled to relief pursuant to Fed. R. Civ. P. 60(b), because of excusable neglect on their part (Rule 60(b)(1)), or fraud on Plaintiff's part (Rule 60(b)(3)), and also for improper service of the Complaint by Plaintiff (which would render the judgment void, and therefore

5

subject to being vacated, Rule 60(b)(4)).[3]

Plaintiff responded in opposition to Defendants' request for relief from the judgment, and the Defendants filed a reply brief maintaining that they were entitled to have the default judgment set aside.  Although the Plaintiff's death resulted in the Court's cancellation of the scheduled hearing on the Defendants' motion, Defendants were not relieved of their ultimate burden to establish an entitlement to relief under Rule 60(b).  No stay was issued in this case, and Defendants have not been prohibited, during the year that has passed since the Court's March 2012 Order, from filing additional support for their arguments in favor of setting aside the judgment.  The record reveals that Defendants have not submitted any additional information to support their argument in favor of setting aside the judgment, despite having received this Court's Order of March 2012 which identified several weaknesses in Defendants' position.

Rule 60(b)(1)

The Court has reviewed the materials submitted by Defendant, and does not find that Defendants have met their burden to establish that excusable neglect entitles them to relief from the Final Default Judgment.  As noted in this Court's Order entered in March 2012, Defendants failed to respond or to file anything in

---

[3]Defendants filed an amended motion on September 16, 2011, to clarify the provisions of Rule 60(b) as to which they were proceeding.

this case until several months after Defendants learned (reportedly in March 2011[4])

of the judgment entered in this matter on February 1, 2011. <u>See</u> Affidavits of

Defendants Palacin Rosario and Joselyn[5] Nunez, Dkt. No. 24-1, 31-4. See also,

Affidavit of Defendant Morringlane, "I first found out about the above styled Action

when I was notified by [Defendant] Nunez that her bank account was frozen as a

result of the Judgment in the above Action." ECF No. 24-1, p. 37. According to

Plaintiff's counsel, "[n]o orders, levies or execution on bank accounts, or property"

had taken place as to Defendants' accounts prior to August 2011. ECF No. 28, p.

14. In other words, Defendant Nunez's statement that her account was "frozen as a

result of the Judgment" at some time in or before March 2011 is not credible, nor

are the other Defendants' assertions credible on this point.[6]

Plaintiff mailed notice to Defendants in September 2010 of the motion for

default judgment and notice of the January 26, 2011, hearing was mailed by the

Court in December 2010 to Defendant Rosario at: Calle Los Cerezos, Esquina Calle

---

[4]Defendant Nunez claims that she was notified by her bank that her account was "frozen as a result of the Judgment", ECF No. 24-1, p. 21, and Defendant Rosario states that she first learned about the Judgment when she was notified by Defendant Nunez in March 2011 that her bank account was frozen, ECF No. 24-1, p. 52.

[5]Plaintiff's Complaint refers to Ms. Nunez name as "Joseline" Nunez.

[6]Plaintiff's counsel also stated that Defendants were involved with other lawsuits in the Dominican Republic regarding the same property as to which Plaintiff alleged Defendants engaged in deceptive conduct - apparently Defendants sold the property to a different individual/entity; while this is not evidence that Defendants were aware of the action before this Court, it may suggest that Defendants were aware of the competing claims made by Plaintiff. ECF No. 28, p. 15.

12 Oeste, Bella Vista, La Roma, Dominican Republic[7]; and to Defendant Nunez[8] and Defendant Morringlane at Compleja Turistico Casa De Campo, Barranca Sur No. 14 La Romana, Dominican Republic.  The Court's notice to Defendants was not returned as undelivered.

On May 3, 2011, a Notice of Appearance finally was entered on behalf of Defendants, and on June 3 - four months after entry of the Final Default Judgment and three months after Defendants Nunez and Rosario (and, perhaps, Defendant Morringlane, who apparently lived with Defendant Nunez at the time) learned of the Judgment, Defendants filed their motion seeking relief from the Judgment.  The facts do not establish that the neglect was excusable.  In summary, Defendants have not demonstrated an excuse for their neglect in failing to appear in this action in a timely manner, and therefore are not entitled to relief under Rule 60(b)(1).

Rule 60(b)(4)

As the Court has indicated previously, Defendants failed to establish that the judgment is void, pursuant to Rule 60(b)(4), due to a lack of proper service; as of this date, Defendants have failed to file any additional documentation to support their claim that service of the Complaint in this case was improper.  As noted in the Court's March 2012 Order, returns of service were filed before this Court indicating

---

[7]Defendant Rosario claims that she was never served at that address, but does not deny that is her address.

[8]Defendant Nunez states that she did not reside at that address on April 27, 2010, but rather resided at another address: Golf Villa 167, Casa de Campo Resort.

that Defendants were served in April 2010 personally (through their attorney), as to Defendants Morringlane and Nunez, ECF Nos. 6 and 7, and personally (through a relative), as to Defendant Rosario (at the address noted above, which she does not deny was her address at the time), ECF No. 8. Defendants bear the burden of showing that service was improper. Defendants argue that their affidavits demonstrate that service was not effected upon them, but have not demonstrated that the individual Proofs of Service filed by a process server are fraudulent - and each of these documents attest that personal service was rendered. The Court does not find that Defendants have established a violation of Fed. R. Civ. P. 4(f).

In addition to service of the complaint, Defendants were provided with the motion for final default judgment, and with this Court's notice of the January 2011 hearing, as noted above. In summary, there is insufficient evidence at this time to support Defendants' claim that they were not served properly; thus, Defendants are not entitled to relief pursuant to Rule 60(b)(4).

Rule 60(b)(3)

As to Defendants' argument that Plaintiff engaged in fraud or misconduct which would entitle Defendants to relief pursuant to Rule 60(b)(3), Defendants have failed to provide additional support for that claim beyond what was stated in their motion filed in June 2011. In that motion, and repeated in the Defendants' request to reset a hearing on the motion, Defendants argued that a check produced by Plaintiff was falsified, and Defendants produced a different copy of the same check

9

(Check No. 1128, issued by BPD Bank in New York, NY), including what purports to be the reverse side of the check, ECF No. 24-1, pp. 65-66, indicating that the check was for a different amount and to a different payee. The original of the check or any other bank records as to the check have never been produced by Defendants. Although the Court intended to address the question of the suspect check at a hearing, the Court has determined that such inquiry would not be dispositive of the matter.

Even if the check which had been submitted by Plaintiff had been falsified by Plaintiff, that would not necessarily entitle Defendants to relief from this judgment, as the check was only one aspect of the Plaintiff's case presented to this Court. Indeed, according to a Declaration filed by Plaintiff, the check (in the amount of $360,000) was not the only consideration given by Plaintiff in exchange for the anticipated transfer of land by Defendants. "The agreement between [Defendants] and myself was that they would sell me the land, and I would sign over a $440,000.00 villa in Casa de Campo and purchase an apartment building in the Dominican Republic for $360,000.00 in exchange for same land." See Dkt. No. 28-1, ¶ 3. According to the Real Estate Purchase Contract which was provided to this Court by Plaintiff, ECF No. 17-3, the total purchase price was $800,000.00, including the suspect check. Thus, even if the check had been stricken from consideration by the Court,[9] there was evidence that the parties entered into a

_____

[9]The Court notes that Defendants served a subpoena on a records custodian of BPD Bank in New York, apparently in an attempt - at this late stage of the proceedings - to substantiate their claim that the check provided by Plaintiff was

Contract, and that property (worth an estimated $440,000.00) was conveyed by Plaintiff to Defendant Morringlane, ECF No. 17-4, in exchange for land which Plaintiff expected to receive from Defendants, but which was never transferred to Plaintiff.[10]  Defendants have not denied specifically that Plaintiff conveyed real estate in Casa de Campo to Defendant Morringlane as part of this transaction. Indeed, Defendants submitted a proposed Answer and Affirmative Defenses, in which they admit that the agreement between the Plaintiff and Defendants was for the sale of land identified in an Exhibit to the Complaint, ECF No. 31-7, ¶15 (answering same paragraph in the Complaint).[11]

Moreover, Plaintiff's Complaint alleged that Defendant Morringlane was liable for the intentional infliction of emotional distress.  In support of those allegations, Plaintiff provided statements of witnesses to threats made by Defendant Morringlane against Plaintiff, and no evidence has contradicted that record as of this date.  Thus, even if the Court were to disregard those aspects of the

---

improperly altered by Plaintiff.

[10]Plaintiff alleged that the land was, instead, sold directly to the group of investors Plaintiff had assembled, instead of including Plaintiff in the transaction, such that the real estate development deal was launched without Plaintiff receiving the benefit of his work – that was the source of his claimed damages.

[11]Defendants also - in an apparent contradiction - denied that they entered into an agreement with Plaintiff, ECF No. 31-7, ¶ 13.  In answer to the Complaint's allegation that the agreement between the parties provided that Plaintiff would sign over a $440,000.00 villa and purchase an apartment building for $360,000.00 in exchange for land allegedly belonging to Defendants Nunez and Morringlane, Complaint, ¶¶ 8-9, Defendants state: "Denied. Their [sic] were never any type of property transferred, not a villa or a plot of land, to the names of the Defendants .... Monies were not paid in the amount of $360,000 to the Defendants because the check was altered and thus fraudulent." Answer, ¶ 9.

case as to which Defendants allege fraud (i.e., the check, the real estate contract), there is uncontroverted evidence of a basis for judgment as to the intentional infliction of emotional distress by Defendant Morringlane. As to all Defendants, the Complaint's allegations of conversion appear to relate to the failed real estate plan and the payments received from the third parties, and are not entirely dependent upon the contract and the suspect check.

Rule 60(b)(3) would provide a basis for setting aside the Final Default Judgment only if Defendants could demonstrate "fraud, misrepresentation or other misconduct of an adverse party." Such misconduct by the adverse party must be significant enough that it was "tantamount to preventing the losing party from fully and fairly presenting his defense." Scutieri v. Paige, 808 F.2d 785 , 794 (11th Cir. 1987). The Court does not find that Defendants have met that burden, despite the passage of sufficient time in which to have gathered evidence and presented such evidence to the Court. The Court will, however, provide Defendants with one final opportunity to submit sufficient support for their request, under Rule 60(b)(3), for relief from the Final Default Judgment. Defendants bear the burden of establishing their entitlement to relief, and must do so in compliance with federal rules of procedure. Defendants are cautioned that any documents filed without a clear English translation will be stricken by the Court. Based on the above, it is

ORDERED AND ADJUDGED that the Defendants' Motion to Set Aside Final Default Judgment is DENIED, without prejudice to refile. Any refiled motion must be submitted no later than April 20, 2013.

12

The Court also is providing a copy of this Order to the apparent widow of Plaintiff, with the caution that if the Court determines that the Final Default Judgment should be set aside, a failure of the successors or heirs, if any, to Plaintiff to appear in this case may result in the ultimate dismissal of this case.

DONE AND ORDERED in Chambers in Miami this ___ day of March 2013.


WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT COURT JUDGE

copies to:

Claudio Rivera (prior counsel for now-deceased Plaintiff)
Marta T. Alvarez, 233 Palm Avenue, Miami Beach, FL 33139
Jaime Lee McSweeney and Martin G. McCarthy (counsel for Defendants)